# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

# ROCK HILL DIVISION

| | |
|---|---|
| **Cor'Tiana White, Individually and as the Personal Representative of the Estate of E'lena Rubiana Hernandez and Rueben Hernandez**<br><br>    Plaintiffs,<br><br>v.<br><br>**The United States of America**<br><br>    Defendant. | CA 0:21-531-JFA<br><br>**COMPLAINT** |

Plaintiffs, by and through their undersigned counsel, for a Complaint against the Defendant, allege as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Cor'Tiana White ("Ms. White") is the duly appointed Personal Representative of the estate of her daughter E'lena Rubiana Hernandez ("E'lena"). Ms. White brings this action as Personal Representative of the estate for the Survival and Wrongful Death actions in addition to her individual claims. At all times relevant to this Complaint, Ms. White was a citizen and resident of York County, South Carolina.

2. Plaintiff Rueben Hernandez ("Mr. Hernandez") is E'lena's father and a citizen and resident of York County, South Carolina.

3. Plaintiff brings this complaint against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq* and 28 U.S.C. § 1346(b)(1) for money damages as compensation for the injury and death of E'lena and personal injuries to Ms. White and Mr.

1

Hernandez, caused by the acts of employees, servants, and agents of the United States government, working at North Central Family Medical Center ("North Central") in Rock Hill, South Carolina.

4. Venue is proper in that all, or a substantial part of the acts and omission forming the basis of this claim occurred in the District of South Carolina, Rock Hill Division and arose from the acts of the United States through its employees, servants, and agents acting within the course and scope of their employment with North Central and any other office of the U.S. government who may have provided some type of medical care to Ms. White.

5. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act by giving formal notice in writing to the United States through the filing of a Form 95 with the Department of Veteran Affairs. Six months has passed, and the Department of Veteran Affairs has not paid or denied Plaintiffs' claims.

## FACTUAL ALLEGATIONS

6. This claim concerns the substandard medical care provided to Ms. White during her pregnancy with E'lena by agents, servants, and employees of North Central.

7. Ms. White's medical records from North Central are scarce with a significant number of automated entries.

8. Ms. White was seen at North Central for prenatal care during her pregnancy with her daughter, E'lena.

9. This was Ms. White's first pregnancy and her first appointment to North Central was on October 31, 2018.

10. On March 6, 2019, when Ms. White was 32 weeks and 2 days into her pregnancy, she presented to North Central and saw Jamea A. Ojo, APRN.

11.     During her appointment, an employee of North Central (Marquita Wright) took Ms. White's blood pressure multiple times.

12.     The first blood pressure reading, was 148/96, another was 200/100, there was a third pressure taken where Ms. White was not told the results, and finally a fourth blood pressure was 130/70.

13.     Ms. White complained to Ms. Ojo that she had been experiencing severe headaches, severe swelling, nosebleeds, and dizziness.

14.     None of Ms. White's symptoms were documented in the medical records, nor was her blood pressure of 200/100 or the unknown blood pressure amount documented.

15.     Ms. White's presentation on March 6, 2019, was consistent with preeclampsia.

16.     Ms. White had at least two blood pressure readings where the systolic pressure exceeded 140 mm Hg and where the diastolic exceeded 90 mm Hg.

17.     Ms. White's blood pressure readings in the context of the new onset of a severe headache, swelling, and dizziness required immediate admission to a hospital.

18.     Instead, the providers at North Central disregarded and failed to document the most concerning of Ms. White's symptoms and sent her home.

19.     Less than two days later, Ms. White was having intercourse with her fiancé when she began severely bleeding.

20.     Ms. White rushed to the emergency room at Piedmont Medical Center, where she was diagnosed with an 80% placental abruption.

21.     The physicians at Piedmont Medical Center performed an emergency cesarean section.

22. Ms. White's daughter, E'Lena survived the delivery, but due to the abruption, suffered many severe seizures. She was transferred to Palmetto Health Richland for treatment.

23. The placental abruption damaged E'Lena's brain to such an extent that she was unable to make a recovery. She passed away on March 21, 2019.

24. Both Ms. White and Mr. Hernandez regularly traveled to Columbia to be with their infant daughter.

25. Upon information and belief, had the providers at North Central properly monitored Ms. White, she would have been admitted to the hospital and would have avoided needless pain and suffering.

26. Upon information and belief, had the providers at North Central admitted or monitored Ms. White, she would have delivered E'lena before E'lena was deprived of oxygen and E'lena would not have suffered a brain injury and her death on March 21, 2019 would have been prevented.

27. The injuries to Ms. White, Mr. Hernandez, and the suffering and death of E'lena were the direct and proximate result of and was caused and occasioned by the negligence, carelessness, recklessness, willfulness, and wantonness on the part of the United States, North Central, and their agents, employees, and servants in failing to possess and exercise that degree of medical training, competency, and skill ordinarily and customarily possessed and exercised by medical professionals similar circumstances.   Attached hereto as **Exhibit 1** and **Exhibit 2** are affidavits of qualified experts who will testify to one or more deviations from the applicable standard of care.

### FOR A FIRST CAUSE OF ACTION
### (WRONGFUL DEATH)

28. Plaintiffs reiterate paragraphs 1-27 above as if set forth verbatim herein.

29. Defendant United States of America through agents and/or employees undertook the duty to render medical care to Ms. White during her pregnancy with E'lena in accordance with the prevailing and acceptable professional standards of care in the national community.

30. Notwithstanding this undertaking and while Ms. White/E'lena were under the care of Defendant United States of America, Defendant departed from prevailing and acceptable professional standards of care and treatment of Ms. White and her unborn daughter and was negligent, careless, grossly negligent, reckless and in violation of the duties owed to Ms. White, and is liable for one or more of the following acts of omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

    a. In failing to monitor properly Ms. White after she exhibited high blood pressure;

    b. In failing to admit Ms. White to the hospital when she exhibited symptoms consistent with preeclampsia;

    c. In failing to identify signs and symptoms of preeclampsia;

    d. In failing to document the medical records properly and adequately; and

    e. In such other ways as may be identified through discovery and proven at the trial of this case

31. As a result of Defendant's negligence, recklessness and departure from the professional standards of care as noted above, E'lena suffered severe debilitating injuries which resulted in her death, and thus Defendant's negligence was the proximate or contributing cause of the loss of the support, aid, society, comfort, and companionship of her heirs at law. E'lena's beneficiaries are therefore entitled to recover from Defendant a sum of money to compensate them for the medical expenses, funeral expenses, mental anguish, loss of earnings capacity, and loss of E'lena's aid, society, comfort, and companionship.

**FOR A SECOND CAUSEOF ACTION**
**(SURVIVAL)**

32.     Plaintiff reiterates paragraphs 1-31 as if set forth verbatim herein.

33      Defendant was negligent, careless, grossly negligent, reckless and in violation of the duties owed to Ms. White during her pregnancy with E'lena and is liable for one or more of the following acts of omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

    a.   In failing to monitor properly Ms. White after she exhibited high blood pressure.

    b.   In failing to admit Ms. White to the hospital when she exhibited symptoms consistent with preeclampsia.

    c.   In failing to identify signs and symptoms of preeclampsia;

    d.   In failing to document the medical records properly and adequately; and

    e.   In such other ways as may be identified through discovery and proven at the trial of this case

34.     As a result of Defendant's conduct, E'lena suffered severe debilitating injuries which resulted in her permanent injury and disability, and conscious pain and suffering, as a result of which her estate is entitled to recover a sum to compensate her estate for her conscious pain and suffering, medical expenses, mental anguish, funeral expenses, loss of earnings capacity, loss of enjoyment of life, and other damages.

### FOR A THIRD CAUSE OF ACTION
### (NEGLIGENCE – INJURIES AS TO MS. WHITE)

35.     Plaintiffs reiterate paragraphs 1-35 above as if set forth verbatim herein.

36.     Defendant was negligent, careless, grossly negligent, reckless and acted in violation of duties owed to Ms. White during her pregnancy and is liable for one or more of the following acts of omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

    a.      In failing to monitor properly Ms. White after she exhibited high blood pressure;

    b.      In failing to admit Ms. White to the hospital when she exhibited symptoms consistent with preeclampsia;

    c.      In failing to identify signs and symptoms of preeclampsia;

    d.      In failing to document the medical records properly and adequately; and

    e.      In such other ways as may be identified through discovery and proven at the trial of this case

37. Ms. White as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of the Defendant, as outlined above, has incurred medical bills, endured physical pain and suffering, endured mental and emotional distress, and anguish for which she is entitled to recover from Defendant a sum of money to compensate her for her injuries.

### FOR A FOURTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

38. Plaintiffs reiterate paragraphs 1-37 above as if set forth verbatim herein.

39. Ms. White and Mr. Hernandez are E'lena's parents.

40. Defendant was negligent in its care of Ms. White during her pregnancy with E'lena as described above.

41. The result of Defendant's conduct was E'lena's pain, suffering, and death.

42. Ms. White and Mr. Hernandez were personal eyewitnesses to their daughter's pain and suffering, including witnessing her suffer seizures and her extended hospitalization.

43. Plaintiffs suffered severe and permanent emotional injury as a result of the Defendant's negligent infliction of emotional distress.

## FOR A FIFTH CAUSE OF ACTION
### (NECESSARIES CLAIM)

44.     Plaintiffs reiterate paragraphs 1-43 above as if set forth verbatim herein.

45.     Ms. White and Mr. Hernandez were responsible for E'lena's medical bills, medical care, and overall care.

46.     As a result of Defendant's negligence and recklessness they have incurred substantial medical expenses on E'lena's behalf.

47.     Ms. White and Mr. Hernandez should be awarded any and all damages flowing from any necessaries claim or any other damages they may suffer because of Defendant's actions and inactions.

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant for actual damages, special damages, and consequential damages in an amount to be determined by the court at the trial of this action, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

    Respectfully submitted,

    s/ Ashley White Creech
    Ashley White Creech, Fed ID # # 10346
    McGowan, Hood, & Felder, LLC
    1539 Health Care Drive
    Rock Hill, South Carolina 29730
    (803) 327-7800
    (803) 328-5656  Facsimile
    acreech@mcgowanhood.com

    Attorneys for Plaintiff

Rock Hill, South Carolina

February 19, 2021